ZEHMER, Judge.
This appeal requires us to consider whether appellant’s utterance of certain vulgar words to a police officer amounts to protected speech under the first amendment of the United States Constitution so *1322 as to void the finding that appellant was guilty of disorderly conduct in violation of section 877.03, Florida Statutes (1987).[1] Concluding there is no error in the finding of guilt, we affirm.
The offense occurred under the following circumstances, viewing the evidence most favorably for the state. Officers Goldrich and Blackburn of the Tallahassee Police Department were standing at the side of the street talking to a group of people when appellant approached and addressed certain remarks to officer Goldrich concerning his arrest of appellant the night before. Appellant’s statements were said to be loud and rude, and “everybody was watching him as he yelled at Officer Gold-rich.” Officer Goldrich tried to ignore the remarks, saying “We’ll see you in court.” Then appellant shouted in a loud voice to officer Goldrich, “Man, you pussy-assed mother fucker.” At that point, officer Goldrich placed appellant under arrest and charged him with disorderly conduct under section 877.03. The circuit court held appellant’s words and conduct constituted a violation of that statute. Appellant was also found guilty of felony petit theft as a result of his arrest the night before this incident. He was declared a juvenile delinquent and was committed to the Department of Health and Rehabilitative Services for the imposition of punishment.
Appellant contends that the trial court erred in finding that his words amounted to a violation of the subject statute because they were neither fighting words nor false words likely to cause harm to others. He argues that his words, by the manner of their use, did not invade the rights of others to pursue their lawful activities and that the officer’s testimony that appellant’s words were “most disruptive” does not meet the burden established by law. We do not agree with this argument.
In State v. Saunders, 339 So.2d 641 (Fla.1976), the supreme court gave a narrow, restrictive construction to the language of section 877.03. After reviewing various cases discussing the constitutional validity of this statute, the court stated:
In light of these considerations, we now limit the application of Section 877.03 so that it shall hereafter only apply either to words which “by their very utterance ... inflict injury or tend to incite an immediate breach of the peace,” White v. State, 330 So.2d [3] at 7 [ (Fla.1976) ], See Chaplinsky v. New Hampshire, 315 U.S. 568, 572, 62 S.Ct. 766 (769], 86 L.Ed. 1031 (1942); or to words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others. We construe the statute so that no words except “fighting words” or words like shouts of “fire” in a crowded theatre fall within its proscription, in order to avoid the constitutional problem of overbreadth, and “the danger that a citizen will be punished as a criminal for exercising his right of free speech.” [Citation omitted.] With these two exceptions, Section 877.03 should not be read to proscribe the use of language in any fashion whatsoever. To this extent, we modify our previous decisions construing the statute.
339 So.2d at 644. In short, this statute is violated if the utterance of the words amounts to a verbal act made with the intent to incite others to breach the peace, or is a false statement knowingly uttered which creates a clear and present danger of harm to others.
We fully agree with the circuit judge’s finding that under the circumstances shown by this record the words uttered to officer Goldrich were words that by their utterance tended to incite an immedi *1323 ate breach of peace and were “fighting words” within the meaning ascribed to the statute in State v. Saunders. Therefore, it was well within the discretion of the judge below, sitting as the trier of fact, to find that appellant uttered the above-quoted words with an intent to incite the police officer and perhaps others to violence. We do not believe that the utterance of these words under these circumstances falls within the area of free speech protected by the first amendment of the federal constitution. If this country is to preserve in its citizens any sense of discipline and respect for others in our society, the first amendment simply cannot be construed to condone this type of conduct. The appealed judgment is, therefore,
AFFIRMED.
JOANOS and THOMPSON, JJ., concur.

. Section 877.03 provides:
Breach of the peace; disorderly conduct.— Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.